IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-76,792 & AP-76,793






EX PARTE RONALD CHRISTOPHER GABRIEL, AKA RONNIE KEYS,

Applicant







ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 09-214-A AND 09-215-A 


IN THE 130TH JUDICIAL DISTRICT COURT

FROM MATAGORDA COUNTY





 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of
possession with intent to deliver a controlled substance, and one charge of possession of a firearm
by a felon. He was sentenced to twenty-five years' imprisonment. 

 Applicant contends that he was denied the right to appeal the trial court's ruling on a pre-trial
motion to suppress. We remanded this application to the trial court for findings of fact and
conclusions of law.

 The trial court has determined that there is a conflict in the record between the written
admonishments and waivers and the transcript of the plea hearing. The trial court finds that trial
counsel stated on the record that Applicant wanted specifically to reserve his right to appeal the pre-trial ruling on the motion to suppress, and that the State did not object. The trial court finds that this 
reservation of the right to appeal by counsel was the last statement on the issue made during the
proceedings. The trial court finds that the certification of defendant's right to appeal, which stated
that Applicant had no right to appeal, was erroneously based solely on the written admonishments.

 We find that Applicant is entitled to the opportunity to file an out-of-time appeal from the
trial court's ruling on the pre-trial motion to suppress in Cause Nos. 09-214-A and 09-215-A from
the 130th Judicial District Court of Matagorda County. Applicant is ordered returned to that time
at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain
a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time
limits shall be calculated as if the sentence had been imposed on the date on which the mandate of
this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take
affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate
of this Court issues.


Delivered: May 9, 2012

Do Not Publish